W. E. JONES *v.* THE STATE.

1. RECOGNIZANCE. — A recognizance given under art. 853 of the Revised Code of Criminal Procedure, to sustain an appeal from a judgment of conviction of a misdemeanor, must not only show that the appellant

stands charged in the court below with the commission of some offence, but also that he has been convicted.

2. SAME. — A party prosecuting an appeal from a judgment of conviction of a misdemeanor, which is of less grade than the offence charged in the indictment, must, in his recognizance for appeal, state the offence of which he was convicted; otherwise this court will not take jurisdiction of the appeal.

APPEAL from the County Court of Gonzales. Tried below before the Hon. J. S. CONWAY, County Judge.

There is no occasion for a statement of facts.

No briefs have reached the hands of the reporters.

CLARK, J. The form of recognizance prescribed for appeals in cases of misdemeanor by the new Code of Criminal Procedure, art. 852, is not altogether similar to the form prescribed by the act of April 27, 1871 (2 Pasc. Dig., art. 6599), but varies therefrom in at least one essential particular. Under the law as it existed before, it was only requisite that the recognizance should recite that the defendant was *charged* with some offence. By the terms of the new statute, he must not only stand charged with some offence in the court below, but must have been convicted of said offence; and this must substantially appear on the face of the recognizance, else jurisdiction of the appeal cannot be sustained by this court. Code Cr. Proc., art. 853.

The recognizance entered into by the appellant in this case in the court below, for the purpose of perfecting his appeal, fails to set forth this important requisite, and on this ground alone must be held fatally defective. Besides, it appears from the record that, at the time the recognizance was entered into, the defendant did not then stand charged with the offence named in the recognizance, — to wit, the offence of aggravated assault, — but of simple assault and battery. This has been heretofore held fatally defective. *Warnock* v. *The State*, 6 Texas Ct. App. 450.

In view of the fact that the Legislature has seen proper

to prescribe plainly, simply, and exactly the proper form for undertakings of this character, which ought to be familiar to every attorney and officer of court, we do not feel disposed to aid with presumption their negligence in carefully overlooking and entering up a record-entry of an essentially jurisdictional nature like this, even though the statute did not positively forbid our so doing. As said by Chief Justice Moore, in a recent case relating to the perfection of appeals in civil causes : "If parties will not take the trouble of examining the statute when they are required to execute such bonds, and conform to its requirements, they must attribute their failure to secure the relief which they might be entitled to by giving the proper bond, to their negligence, or over-confidence in themselves." *Reid* v. *Fernandez*, 3 Texas L. J. 323.

The motion of the assistant attorney-general is sustained, and the appeal dismissed.

*Appeal dismissed.*